# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

RODNEY PLANT,

                Plaintiff,

    v.

CORRECTIONAL OFFICE
BURKQUIST, et al.,

                Defendants.

Case No. 1:10-cv-00278-EJL

**MEMORANDUM DECISION AND
ORDER**

Currently pending before the Court is Plaintiff's Motion to Alter, Amend or
Reconsider Memorandum Decision and Sealed Order and Order F.R.C.P. Notice of
Appeal with Request for Certificate of Appealability (Dkt. 64) and Plaintiff's Request for
Refund of Initial Filing Fees (Dkt. 66).  Plaintiff, a prisoner in the custody of the Idaho
Department of Correction (IDOC), is proceeding pro se in this civil rights action.  Having
fully reviewed the record, the Court finds that the facts and legal arguments are
adequately presented in the briefs and record and that the decisional process would not be
significantly aided by oral argument. Accordingly, the Court will decide this matter on
the record without oral argument. D. Idaho L. R. 7.1.

## BACKGROUND

In this action, Plaintiff sued several IDOC officials, alleging that they were
unconstitutionally infringing upon Plaintiff's right to practice his religion,

Odhinnishm/Asatru.  Plaintiff and Defendants entered into a settlement agreement and on February 13, 2012, the parties filed a stipulation of dismissal (Dkt. 48) and an Order of Dismissal was entered on February 14, 2012 (Dkt. 49).

In June and July 2013, Plaintiff filed a Motion for Relief from Judgment pursuant to Fed. R. Civ. P. 60(b) (Dkt. 54) and a Motion for Contempt (Dkt. 56) for Defendants' alleged failure to comply with the settlement agreement, both of which the Court denied on January 28, 2014 (Dkt. 58.)  On February 7, 2014, a final judgment was entered dismissing the case with prejudice.  (Dkt. 59.)

On February 18, 2014, Plaintiff filed the pending Motion to Alter, Amend or Reconsider Memorandum Decision and Sealed Order in reference to the Court's January 28, 2014 Order (Dkt. 58.)

## PLAINTIFF'S MOTION TO ALTER, AMEND OR RECONSIDER

Plaintiff's Motion is brought pursuant to Fed. R. Civ. P. 60(b).  Under Rule 60(b) of the Federal Rules of Civil Procedure, a court may grant a party relief from a final judgment for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; or (6) any other reason that justifies relief.  Fed. R. Civ. P. 60(b).  The last catch-all provision should only be granted "sparingly as an equitable remedy to prevent manifest injustice."  *United States v. Washington*, 98 F.3d 1159, 1163 (9th Cir. 1996) (internal quotation marks omitted).

**Memorandum Decision and Order - 2**

In its prior Order (Dkt. 58), the Court found that relief under Rule 60(b)(3) was unwarranted because there was no "clear and convincing evidence" of fraud that *induced* Plaintiff *to enter into* the settlement agreement. (Dkt. 58, p. 7.) Additionally, the Court denied Plaintiff's request for contempt because the Court did not retain jurisdiction over the case (Dkt. 58, p. 10.) Plaintiff has filed a Motion to Reconsider. (Dkt. 64.) However, the majority of Plaintiff's motion takes issue with whether the Defendants are complying with the terms of settlement agreement, not whether there is a reason for the Court to reconsider its January 28, 2014 Order. The Court addresses Plaintiff's arguments below.

## 1.      Rule 60(b) Standard and Discussion

The "mistake" provision of Rule 60(b)(1) provides for reconsideration of judgments only where: (1) a party has made an excusable litigation mistake or an attorney has acted without authority from a party or (2) where the judge has made a substantive mistake of law or fact in the final judgment or order. *Cashner v. Freedom Stores*, 98 F.3d 572, 577 (10th Cir. 1999). It does not provide relief for mistakes made in the negotiation of a contract or stipulation. *Id*.

Plaintiff claims his "mistake" was "believing IDOC staff and their contractors would comply with a common sense agreement" to allow him to practice his religion. (Dkt. 64, p. 9.) These are not the types of mistakes envisioned by Rule 60(b)(1). Rule 60(b) is not intended to be a substitute for a direct appeal nor is it available to reargue an issue previously addressed by the court. *Id. See also Latshaw v. Trainer Wortham &*

**Memorandum Decision and Order - 3**

*Co., Inc.*, 452 F.3d 1097, 1101 (9th Cir. 2006) (noting that Rule 60(b)(1) is not intended to remedy the effects of a litigation decision that a party later comes to regret). The Court has addressed Plaintiff's arguments regarding the settlement agreement in its prior order (Dkt. 54).

To show fraud under Rule 60(b)(3), a party must come forward with evidence demonstrating an unconscionable scheme to improperly influence the Court's decision. *England v. Doyle*, 281 F.2d 304, 309 (9th Cir. 1960). "Federal Rule of Civil Procedure 60(b)(3) require[s] that fraud be proven by clear and convincing evidence, be not discoverable by due diligence before or during the proceeding, and be materially related to the submitted issue." *Pacific & Arctic Ry. and Nav. Co. v. United Transp. Union*, 952 F.2d 1144, 1148 (9th Cir. 1991). In the context of a settlement agreement, the party making the allegation of fraud must bring forward clear and convincing evidence that the other party "acted fraudulently prior to the execution of the Consent Judgment." *Chao v. Welliver*, 2005 WL 1630537, at *2 (D. Minn. 2005). Mere "unsubstantiated assertions" of fraud are insufficient to meet the burden under Rule 60(b)(3), and "post-judgment conduct" is not enough. *Id*.

Plaintiff sets forth nothing new[1] to demonstrate that he was fraudulently induced to enter into the settlement agreement. Plaintiff argues that defense counsel's April 2, 2012

---

[1] Plaintiff attaches a series of grievances that he has filed with IDOC in the October-November 2012 timeframe as well as notes and some letters exchanged between Plaintiff's former counsel and defense counsel. (Dkt. 64-1.) Again, these are merely complaints that the settlement agreement is not being complied with, not evidence of fraud in the inducement.

letter (*See* Dkt.51-1), which the Court referenced in its January 28, 2014 Order (Dkt. 58, p. 6), "without confirmation by the Plaintiff, constitutes misrepresentation, constituting misconduct."  (Dkt. 64, p. 4.)  In making this argument, Plaintiff is again challenging Defendants' compliance with the settlement agreement.  He argues that Defendants misrepresented that the settlement agreement was being complied with and therefore relief is warranted under Rule 60(b)(3).  (Dkt. 64, p. 4.)  While the Court did note in its prior order that it appeared Defendants had satisfied most, but not all, of the terms of the settlement agreement (Dkt. 58, p. 7), that determination did not impact the Court's holding that Plaintiff had not shown he was fraudulently induced to enter into the settlement agreement, precluding relief under Rule 60(b)(3).  In his motion, Plaintiff repeatedly challenges whether the terms of the settlement agreement are being complied with.  These are the same matters he has already argued and have already been addressed by the Court.  There is nothing new for the Court to reconsider.

Nor are there "exceptional circumstances" under Rule 60(b)(6).  Judgments are not often set aside under Rule 60(b)(6).  Rather, the Rule is "'used sparingly as an equitable remedy to prevent manifest injustice' and 'is to be utilized only where extraordinary circumstances prevented a party from taking a timely action to prevent or correct an erroneous judgment.'" *United States v. Washington*, 394 F.3d 1152, 1157 (9th Cir. 2005) (quoting *United States v. Alpine Land & Reservior Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993)).  Accordingly, a party who moves for such relief "must demonstrate both injury and circumstances beyond the control that prevented him from proceeding with . . . the

action in a proper fashion." *Community Dental Services v. Tani*, 282 F.3d 1164, 1168 (9th Cir. 2002).

The "extraordinary circumstance" that Plaintiff is asserting is that the parties are not complying with the terms of the settlement agreement. That is not the type of "extraordinary circumstance" envisioned by the Rule. Plaintiff must pursue other avenues, other than relief pursuant to Rule 60(b), if he wishes to challenge the terms of the settlement agreement.

As the Court recognized in its prior Order (Dkt. 58), a party who wishes to enforce a settlement agreement or bring an action for breach of a settlement agreement, can only do so if the court has retained jurisdiction over the action. A federal court's ability to enforce an agreement of the parties depends on whether the new controversy has its own basis for jurisdiction. *See Kokkonen v. Guardian Life Insurance Company of America*, 511 U.S. 375, 378 (1994). The mere existence of an "agreement that has as part of its consideration the dismissal of a case before a federal court," without more, is not a sufficient basis for a federal court's jurisdiction. *Id.* at 380. Only when the parties' obligation to comply with the terms of the settlement agreement has been made part of the order of dismissal–either by separate provision (such as a provision "retaining jurisdiction" over the settlement agreement) or by incorporating the terms of the settlement agreement in the order–does the Court have continuing jurisdiction to enforce the agreement. *Id.* at 381; *see also O'Connor v. Colvin*, 70 F.3d 530, 532 (9th Cir. 1995) (an order merely "based on" a settlement agreement is insufficient to create ancillary

jurisdiction necessary to adjudicate breach of settlement agreement dispute).

Plaintiff does not assert that the Court retained jurisdiction nor does it appear the parties agreed to retain jurisdiction. (*See* Dkt. 58, p. 10.) The settlement agreement is a contract between the parties, and thus Plaintiff must resort to any applicable state court remedies to enforce the contract.

Plaintiff has not shown that relief is warranted under Rule 60(b) and the Court will deny his motion.

### PLAINTIFF'S REQUEST FOR REFUND OF FILING FEES

Plaintiff seeks a refund of $80 in initial filing fees he paid in appealing two cases, the present case and Case No. 13-538-CWD, to the Ninth Circuit Court of Appeals because the appeals were ultimately premature. (Dkt. 66.) Plaintiff must file such a request with the Ninth Circuit Court of Appeals.

### <u>ORDER</u>

**It is hereby ordered:**

1)      Plaintiff's Motion to Alter, Amend or Reconsider (Dkt. 64) is DENIED.

2)      Plaintiff's Request for Refund of Filing Fees (Dkt. 66) is DENIED.



DATED:  **July 22, 2014**

**Memorandum Decision and Order - 7**

Honorable Edward J. Lodge
U. S. District Judge